LARSON, Appellant, v. M. RUMELY CO., Respondent.

(153 N. W. 301.)

(File No. 3729. Opinion filed June 19, 1915.)

**Judgment—Default—Opening Default—Affidavit of Merits—Attorney's Personal Knowledge of Merits, Necessity of Showing.**

Affidavits of merits made by defendant's attorneys for the purpose of opening a default judgment, one of which affidavits was that from defendant's statement of the case to him he verily believed defendant had a good and substantial defense on the merits, the other stating that defendant had a good and meritorious defense on the merits, held, insufficient, in that there is no showing that either attorney had any personal

knowledge as to the merits of the action; following Des
Moines Ins. Ass'n. v. Clute, 35 S. D. 154, 151 N. W. 281.

Appeal from Circuit Court, Minnehaha County. Hon.
JOSEPH W. JONES, Judge.

Action by S. B. Larson against the M. Rumely Co. From
an order opening a default judgment for plaintiff, he appeals. Re-
versed.

*Krause & Krause,* for Appellant.

*Joe Kirby,* for Respondent.

Appellant cited: 1 Black, Judgments, Sec. 347; Judd v.
Patton, (S. D.) 84 N. W. 199; Peoples' Ice Co. v. Schlenker,
(Minn.) 52 N. W. 219; Burnham v. Smith, 11 Wis. 269; 23
Cyc. 956, 957, and cases cited.

Respondent cited: Rule X., Supreme Court. And sub-
mitted that: Literal compliance with rule X. is not necessary,
nor always possible.

McCOY, P. J. On the 10th of October, 1913, default judg-
ment was entered in favor of plaintiff and against defendant in
the circuit court of Minnehaha county. Thereafter, on November
18, 1913, defendant appeared in said action and moved to vacate
said default judgment, upon affidavits, and for leave to make
answer, and with said motion papers served a proposed answer,
consisting of a general denial. Plaintiff appeared on the return
day of said motion and resisted the vacation of such default and
leave to defendant to answer, on the ground that defendant's
showing was not sufficient, in that no sufficient affidavit of merits
was presented on the part of defendant as a prerequisite to the
opening of such default. Over this objection the court made an
order opening the default, and to which ruling of the court and
making of such order the plaintiff duly excepted, and now on
appeal urges such ruling as error. The resident attorney for
respondent made affidavit that he had been retained to de-
fend in said action, and that from the statement made of
the case to him by defendant he verily believed that defendant
had a good and substantial defense to the action on its merits.
The nonresident attorney of defendant made affidavit that he is
attorney for defendant at its (defendant's) home office, and that
defendant has a good and meritorious defense to plaintiff's cause
of action on the merits. The precise question here involved

was considered and passed upon by this court in Des Moines Ins. Ass'n v. Clute, 151 N. W. 281, in a case where the affidavit of merits was more strongly specific than the affidavits here presented. The rule announced in that case must govern here. We are of the view that no sufficient affidavit of merits was presented on the motion to open default and for leave to answer There is no showing whatsoever. that either of defendant's said attorneys have any personal knowledge · as to the merits of the action.

The order appealed from is reversed.