PAPER SUPPLY CO., Appellant, v. MACDONALD, Respondent

(182 N. W. 526.)

(File No. 4802.   Opinion filed April 2, 1921.)

**Appeals—Order Setting Aside Default Permitting Defense, Before Judgment Entry—Appeal Dismissed—Statute.**

An order setting aside a default and permitting defendant to answer and defend, before judgment entered, is not appealable under Sec. 3168, Code 1919; it not being a final order within Subd. 2 authorizing appeal from "a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment;" nor was the order appealed from made "after judgment."   Weber v. Tschetter, 1 S. D. 205 commented upon.

McCoy, J., not sitting.

Appeal from County Court, Spink County.   Hon. F. W. Coolidge, Judge.

Action by the Paper Supply Company, a corporation, against J. MacDonald.   From an order setting aside a default and permitting defendant to answer and defend, plaintiff appeals.   Appeal dismissed.

*M. E. Culhane,* for Appellant.

*Roy T. Bull,* for Respondent.

WHITING, J.   This matter is in this court upon an appeal from an order setting aside a default and permitting defendant to answer and defend.   No judgment has been entered.   Respondent moves to dismiss the appeal on the ground that the order, sought to be appealed from, is not appealable.   Section 3168, Rev. Code, enumerates the orders that are reviewable by this court, and, by enumerating such orders as may be reviewed, it necessarily excludes all those not so enumerated.

We fail to find anything in section 3168 that authorizes this

appeal. Certainly there is no provision of such section that could be thought to warrant such appeal, other than subdivision 2 of such section, which authorizes an appeal from—
"a final order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

The order before us was not a "final order" (Ledebuhr v. Grand Grove, etc., 97 Wis. 341, 72 N. W. 884; Port Huron E. & T. Co. v. Rude, 101 Wis. 324, 77 N. W. 177), and certainly it was not made "after judgment." In Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201, this court apparently overlooked the fact that the order before it was not "a final order." It will be noted that the order before us is one granting leave to answer, and not one denying such privilege.

The appeal is dismissed.

McCOY, J., not sitting.