W. T. RAWLEIGH CO., Appellant, v. KEELY, et al, Respondents.

(220 N. W. 857.)

(File No. 6140. Opinion filed August 18, 1928.)

*Ellwood & Knight,* of Sioux Falls, for Appellants.

*J. L. Meighen,* of Yankton, for Respondents.

BROWN, J. Appeal from an order setting aside a default judgment and granting respondents leave to answer. Summons and complaint were served on respondents on January 24, 1925. On March 2d respondents' attorney mailed to plaintiff's attorneys a proposed answer, which was returned because not served in time. It was immediately remailed to plaintiff's attorneys, and by them again returned because not served in time.

No further steps looking to relief from the default were taken until July 10th, when respondents' attorney served on plaintiff's attorneys an affidavit and notice of motion to set aside the default judgment, which had been entered on June 12th. The affidavit was made by respondents' attorney, and stated the reason for failure to answer in time to be that he was retained on behalf of all the de-

fendants, that the defendants Carr and Olson had not been served with summons and complaint, and he was waiting until service was made upon all, so that one answer would do for all, and that he understood that the time for answering on behalf of respondents did not expire until March 3d. No affidavit of merits was served.

Circuit Court Rule No. 10 requires both an affidavit of merits and a copy of the proposed pleading to be served, on application to be relieved from a default judgment. The only language contained in the affidavit in this case relating to the defense or to the merits is this:

"Defendants have a good and sufficient defense to the complaint herein, as is fully shown by the answer herewith, and as has been determined by the decision of the Supreme Court involving this particular plaintiff in a suit on a contract identical with the one pleaded in the complaint herein."

In Des Moines Mutual Hail & Cyclone Ins. Ass'n v. Clute,. 35 S. D. 154, 151 N. W. 281, it is said that the rule contemplates that defendant shall make the affidavit, and, if circumstances exist in which the affidavit may properly be made by the attorney, it must affirmatively appear that the attorney is acquainted with the facts relied upon as a defense. The statement in the affidavit of defendants' attorney which we have quoted contains much less of the necessary requirements of an affidavit of merits than is contained in the affidavits in the Clute Case and in Larson v. M. Rumely Co., 35 S. D. 542, 143 N. W. 301, in both of which cases an order relieving a party from default was reversed for lack of a sufficient affidavit of merits.

On the authority of these cases, the order appealed from is reversed.

BURCH, P. J., and POLLEY and SHERWOOD, JJ., concur.
CAMPBELL, J., not participating.