SQUIRES, Appellant, v. MEADE COUNTY, et al, Respondents.

(239 N. W. 747.)

(File No. 7204. Opinion filed December 19, 1931.)

*Atwater & Helm,* of Sturgis, and *C. A. Wilson,* of Hot Springs, for Appellant.

*Thomas G. Wall,* of Sturgis, for Respondent.

RUDOLPH, J. This is an appeal by the plaintiff from an order setting aside a default judgment and permitting the defendant to answer and defend the action on the merits. The action was brought to quiet title to a quarter section of land in Meade county. The summons and complaint were served upon the defendant on the 14th day of July, 1928, in Codington county, and on October 1, 1928, an affidavit of default was filed in the matter and findings of fact and conclusions of law entered in favor of the plaintiff. On October 12, 1928, judgment was entered. Nothing was done in the matter until August 21, 1930, when there was filed with the court the moving affidavit upon which an order to show cause was issued. After a hearing, the order complained of was entered. In his moving affidavit, the defendant alleges that on July 15, 1928, the day after the summons and complaint were served, he consulted an attorney with regard to his rights, and left the matter to the said attorney; that a few months later the said attorney returned the summons and complaint to him together with his bill for services, which was paid. The defendant further states in his affidavit that in 1929 he employed other attorneys to look after the matter and get taxes paid. The affidavit further sets forth that the defendant "did not know the law and that it was necessary for him to make answer to the complaint." He further says that he did not know that the plaintiff in the action was claiming title to the land until the 9th day of August, 1930. In reply to this affidavit of the defendant, there was submitted an affidavit of the attorney for the

plaintiff, which affidavit, in part, sets forth certain letters written to the defendant by the attorneys for the plaintiff shortly after the time the summons and complaint were served upon the defendant, and some time prior to the time judgment was taken. The affidavit discloses that on July 24, 1928, the following letter was written to the defendant:

"Mr. D. F. Struckman, General Delivery,
     Huron, South Dakota.

"Dear Sir: Re: S-4, 8597. Answering your favor of the 18th relative to the NE¼ of 22-10-17, will say that our client has some costs besides the taxes in this land. The amount of the taxes and costs we are not able to give, but if you are inclined to want to redeem we will secure the amount from our client. Our client is always willing to accept just what she has in the land and give quit claim deed. That is, she will quit claim before securing judgment in the quiet title action. After judgment has been secured then she has to have the full value of the land.

"You might write us and let is know if you are interested. In the meantime we will ascertain the amount necessary for you to secure in order to get the land back. You would have to pay part of it down but the balance of it could be paid on monthly installments likely.

                          "Truly yours,
                                   "Atwater and Helm
                                   "By: Percy H. Helm."

On August 4, 1928, the following letter was written to the defendant:

"Mr. D. F. Struckman, General Delivery,
     Huron, South Dakota.

"Dear Sid: Re: S-4, 8597. Replying to your letter of July 28th will say that the plaintiff will quit claim to you her interest in the NE¼ of 22-10-17 for $220.00. This represents taxes for the year 1922 and prior, the cost of securing tax deed and the costs thus far incurred in the quiet title action, which includes our fee.

"If you care to secure quit claim deed you will have to notify us at once as this offer is for immediate acceptance only. The quit claim deed which we will deliver to you must be accepted subject to a lease to C. E. Jonas, which expires April 1, 1929.

"Truly yours,
    "Atwater and Helm
    "By: Percy H. Helm."

The defendant does not deny receiving these letters.

■ ■ Was there a showing of either mistake, inadvertence, surprise, or excusable neglect, as required by section 2855, Rev. Code 1919, sufficient upon which to base the order setting the judgment aside? We recognize that the opening of a default judgment is left to the sound discretion of the trial court, and that the exercise of that discretion will not be disturbed by this court, except in cases where there has been an abuse of such discretion. However, there must always be shown some facts to establish either mistake, surprise, inadvertence, or excusable neglect, upon which to base the exercise of this discretion. From a careful examination of the affidavits here presented, it is impossible for us to find any fact upon which the court could base the exercise of its judicial discretion, and set this judgment aside. In the first place, it will be noted that there is no showing of any kind that the defendant is not familiar with and cannot read the English language. This being a fact, there is no justification for the allegation that the defendant did not know that it was necessary to make answer to the complaint. The summons specifically stated that, unless answer was made within thirty days, the plaintiff would apply to the court for the relief asked for. The affidavit is very indefinite with reference to the advice that the defendant received from the attorney to whom he took the papers on July 15, but it is apparent from the letters written to the defendant that he was advised very definitely that, unless something was done by him, judgment would be taken against him in the quiet title action, and that thereafter he would have no further right in the land. It is also significant, we believe, that after it is claimed by the defendant that he left the matter to the attorney whom he consulted on July 15, 1928, he, the defendant, immediately entered into a personal correspondence and personal negotiations with the attorneys for the plaintiff. In just what capacity the attorney, who was consulted on July 15, was to act is not clear from a reading of the affidavit, but it is apparent from the fact that the defendant, after consulting the attorney, entered into personal negotiations with the plaintiff; that he was not relying upon that attorney to

look after his interests. This fact materially distinguishes this case from the case of Foshay Co. v. Springfield Power Co., 49 S. D. 92, 206 N. W. 239. The defendant was served with process on July 14; on July 15 he consulted an attorney; thereafter he attempted personally to get the matter adjusted; and he failed to do so before October 12 when the default judgment was taken against him. Thereafter no move was taken to have this judgmen set aside until this present proceeding was started on August 21, 1930. The defendant was personally served, he had the advice of counsel, and he had almost two months after the thirty days to answer expired in which to take advantage of the offer proposed in the letters he received. He did nothing.

We are unable to determine that there was in any sense a mistake, inadvertence, surprise, or excusable neglect, in so far as this defendant is concerned. As was said in the case of Languein v. Olson, 56 S. D. 1, 227 N. W. 369, 370: "A line must somewhere be drawn. Some measure of stability must be recognized in judgments by default regularly entered after personal service of process"

■ The order must be reversed for another reason. Nowhere in the affidavits submitted by the defendant does it appear that the defendant has fully and fairly stated his case to his counsel, nor does it appear that counsel has any personal knowledge of the facts upon which the purported defense is based. The most that affiant says is "that he is now advised by counsel and verily believes that he has a good and valid defense to said action." This is not sufficient to constitute an affidavit of merits. Court rule 10 contemplates that the defendant "shall swear that he has fully and fairly stated his case to his counsel; and that he is advised by such counsel after such statement, and verily believes, that he has a good and substantial defense to the action on the merits." Insurance Association v. Clute, 35 S. D. 154, 151 N. W. 281; Larson v. Rumely Company, 35 S. D. 542, 153 N. W. 301; Rawleigh v. Keely, 53 S. D. 425, 220 N. W. 857.

The affidavit failing to disclose that the defendant has fully and fairly stated his case to his counsel (which is an essential prerequisite to counsel correctly advising the defendant), therefore is faulty, and does not in fact constitute an affidavit of merits. This

has been repeatedly held by this court·as disclosed by the three cases last above cited.

The order appealed from is reversed.

POLLEY, P. J., and CAMPBELL and ROBERTS, JJ., concur.

WARREN, J., disqualified and not sitting.