REINHART, Appellant, v. CHRISTENSEN, et al, Respondent.

(244 N. W. 368.)

(File No. 7255. Opinion filed October 4, 1932.)

C. E. Noel, of Highmore, for Appellant.
M. Harry O'Brien, of Highmore, for Respondent.

WARREN, J. Upon application of the plaintiff, a judgment was entered in circuit court against the garnishee defendant on his

failure to appear, make a disclosure, or answer. Thereafter the garnishee defendant, made a showing to the circuit court, secured an order to show cause why the judgment should not be set aside, and he be permitted to make his disclosure as such garnishee. The judgment was ordered vacated and set aside, from which order plaintiff has appealed.

Among his assignments of error, appellant complains that the circuit court abused its discretion in granting such relief in vacating said judgment, in the absence of a sufficient affidavit of merits.

An examination of the record containing the affidavits presented to the circuit court by the respondent for the setting aside the default judgment obtained against Geppart, the garnishee, and for the permission to make his disclosure, does not contain any statement nor matter which can be construed as constituting a sufficient affidavit of merits which we have held to be essential and necessary in opening up and setting aside default judgments. In a recent case, wherein a partial attempt had been made to comply with the rule requiring an affidavit of merits, we held that a sufficient affidavit of merits must contain certain language showing that the defendant had fully and fairly stated his case to his counsel and must be presented to the trial court. Squires v. Meade County et al, 59 S. D. 293, 239 N. W. 747, 749:

"Nowhere in the affidavits submitted by the defendant does it appear that the defendant has fully and fairly stated his case to his counsel, nor does it appear that counsel had any personal knowledge of the facts upon which the purported defense is based. The most the affiant says is 'that he is now advised by counsel and verily believes that he has a good and valid defense to said action.' This is not sufficient to constitute an affidavit of merits. Court rule 10 contemplates that the defendant 'shall swear that he has fully and fairly stated his case to his counsel; and that he is advised by such counsel after such statement, and verily believes, that he has a good and substantial defense to the action on the merits.' [Des Moines Mut. Hail & Cyclone] Insurance Association v. Clute, 35 S. D. 154, 151 N. W. 281; Larson v. Rumely Company, 35 S. D. 542, 153 N. W. 301; Rawleigh [Co.] v. Keely, 53 S. D. 425, 220 N. W. 857.

"The affidavit failing to disclose that the defendant has fully

and fairly stated his case to his counsel (which is an essential prerequisite to counsel correctly advising the defendant), therefore is faulty, and does not in fact constitute an affidavit of merits. This has been repeatedly held by this court as disclosed by the three cases last above cited."

What we said in Squires v. Meade County, supra, is pertinent and must govern our decision in this case, as the requirement is not an innovation but a rule that is of long standing and prevails in a majority of states having a similar procedure as ours in setting aside default judgments and permitting defendants to answer, or as in this matter making a disclosure after the time limited in the process has expired.

The order appealed from is reversed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.