BRAA, Respondent, v. BRUNER, et al, Appellants.

(244 N. W. 537.)

(File No. 7299. Opinion filed October 10, 1932.)

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant Whiteside.

*Corrigan & Walton,* of Aberdeen, for Appellant Bruner.

*G. V. Barron,* of Cloquet, Minn., and *Harold W. King,* of Britton, for Respondent.

CAMPBELL, P. J.  Plaintiff sued defendants for malpractice, alleging defective setting of a broken leg, to his damage $50,000. The complaint alleged the employment of the physicians on May 1, 1928. The summons was dated July 22, 1930, and served September 4, 1930, subscribed in the name of a South Dakota pracitioner residing in Sioux Falls as attorney for plaintiff with G. V. Barron of Cloquet, Minn., and Mark & Barron of Wadena, Minn., named as being "of counsel." Defendants answered promptly and served notice of trial for the October, 1930, term of court in Brown county where the action was instituted.

The matter appears to have been handled for the plaintiff throughout by G. V. Barron of Cloquet, Minn.  The defendants were represented separately by two firms of attorneys residing at Aberdeen.  On September 22 Barron wrote to each of the firms representing the defendants, acknowledging receipt of answer, notice of trial, and note of issue.  He told them that his South Dakota associate had closed his law office in Sioux Falls and had removed to Minnesota.  He stated that it would be necessary to retain some other South Dakota counsel, requested continuance until the spring term of court, and said:

"I am engaged at the present time in trial work and expect to be more or less similarly engaged until Thanksgiving.  It will be some time following Thanksgiving before I will be able to get out to South Dakota to make the necessary arrangements for South Dakota counsel in this case.

"If you will therefore kindly write me agreeing to a continuance of this matter, I assure you that we will be ready for trial at the term of court next following this October term."

Both of these firms of attorneys promptly (one on September 24, and one on September 30) advised Mr. Barron in substance that their clients regarded the pendency of a malpractice suit as a damaging reflection upon them personally and professionally, and insisted upon immediate disposition, and that they were unable, therefore, to agree to continuance as requested.  After finding that he could not secure a continuance by consent, G. V. Barron wrote to another attorney at Aberdeen, asking his assistance in representing the plaintiff.  This attorney promptly, and on October 1, 1930, wrote Barron that he was not in position to assist him in

the matter, and suggested that possibly an attorney whom he named residing at Britton, S. D., could do so. On October 4 Barron wrote to the clerk of courts of Brown county the following letter:

"In re: Braa v. Whiteside et al.

"In the above entitled matter I beg to enclose herewith a dismissal without prejudice, to be filed in this matter, providing that this meets with the approval of the Court and is conformable to the South Dakota practice.

"Due to the fact that ————, our South Dakota associate closed his law office recently in Sioux Falls to move to Minneapolis, it became necessary to ask opposing counsel to extend us the courtesy of consenting to a continuance to permit us to engage additional counsel to prepare the case for trial. This the respective attorneys for the defendants refused to do, preferring to force us to trial under this handicap.

"I wish you would kindly show this letter to the presiding judge Tuesday in explanation of our position. In the event that under your law, we are not permitted to dismiss without prejudice, kindly ask the court to note a motion for continuance and we will forward affidavits to substantiate the same.

"I also enclose original complaint in the above matter, and hope to have the pleasure of meeting you at the next term of court at Aberdeen."

Pursuant to this letter and the dismissal therewith forwarded to the clerk, the case was dismissed (on plaintiff's motion), judgment dismissing without prejudice was entered on October 7, 1930, and notice of entry thereof was immediately filed and served on plaintiff's attorney.

In January, 1931, plaintiff started his action over again, appearing by the same attorneys, excepting that Hon. Harold W. King of Britton appeared as resident counsel in place of the Sioux Falls attorney who was so designated in the first action. The defendants again answered and pleaded, among other defenses, the two-year statute of limitations, as set out in subdivision 3, § 2300, Rev. Code 1919, as amended by chapter 71, Laws 1927.

Thereafter, and on May 26, 1931, the plaintiff by his attorneys moved in the circuit court for an order to show cause why

the judgment of dismissal of October 7, 1930, entered in the first action, should not be vacated and said first or original action reinstated. The only showing in support of such application was the affidavit of G. V. Barron, who recites the facts substantially as above set out, attaches copies of his correspondence with the various attorneys, and states that he consulted the South Dakota 1919 Code in the bar library at Duluth, Minn., but did not know of the 1927 amendment, and, if he had known thereof, would have applied for a continuance instead of dismissal, etc. Neither complaint was verified by the plaintiff himself, and nowhere in the record is any affidavit or statement by the plaintiff himself.

The trial court vacated the dismissal judgment of October 7, 1930, and from that order defendants have appealed.

■■ It may seriously be doubted whether section 2378, Rev. Code 1919, has any application to this situation at all. It may well be questioned whether this judgment was taken against the plaintiff "through his mistake, inadvertence, surprise or excusable neglect" within the contemplation of the statute. It was taken at the request and by the procurement of his attorney, and plaintiff is prima facie chargeable with full knowledge of it at all times. The situation simply is that plaintiff or counsel then undertaking to represent him did not know the law of the forum wherein they were endeavoring to proceed, and did not realize what they might be doing to themselves by taking the judgment that they requested and received. It is by no means certain that the court had any authority to vacate the judgment under the circumstances here shown. In any event, however, it is very plain that no sufficient showing was made for any such relief, assuming the court's authority to act. There is not a word in this record anywhere in the nature of an affidavit of merits or any sort of a statement of any kind from the plaintiff himself to the effect that he has, or believes he has, any meritorious cause of action against the defendants. The negligence of the Minnesota counsel who moved for the dismissal of the original action was gross and inexcusable. Plaintiff has made no showing whatever which could excuse the imputation of his attorney's negligence to himself so far as these defendants are concerned. See Smith v. Wordeman, 59 S. D. 368, 240 N. W. 325. If it should develop that plaintiff, without fault on his part, has

sustained actionable injury by reason of the negligence of such counsel, he may doubtless seek his proper remedy, but there is nothing whatever in this record to sustain the vacation of the judgment entered upon the motion to dismiss.

The order appealed from is reversed.

All the Judges concur.