MOORE, Appellant, v. HAHN, et al, Respondent.

(273 N. W. 377)

(File No. 8013.   Opinion filed June 1, 1937)

*A. J. Kieth,* of Sioux Falls, for Appellant.

*Louis Hurwitz* and *John S. Murphy,* both of Sioux Falls, for Respondent.

ROBERTS, J.   This action was commenced against the principal defendant W. J. Hahn on June 5, 1935.   Subsequently garnishee summons were served on the respondent K. & K. Company. A judgment by default was entered on July 18, 1936, against the principal defendant.   On the same day the court rendered judgment against the respondent for the amount of the judgment which the plaintiff recovered against the principal defendant including costs.   The respondent made application on July 27, 1936, for an order to show cause why the judgment previously entered against it should not be vacated and set aside and permitting the respondent to serve and file a disclosure in garnishment.   This order to show cause was granted and made returnable on August 3, 1936, at which time the court ordered that the judgment against the respondent be vacated and set aside and that the proposed disclosure in garnishment served in connection with the order to show cause stand as the disclosure in the garnishment proceedings.   From this order, the plaintiff has appealed, and the respondent moves to dismiss such appeal on the ground that the order is not appealable.

Where no statute authorizes an appeal to this court, there can be no appeal.   Section 3168, Rev. Code 1919, enumerates the orders which are appealable.   An order which does not come within those enumerated is not reviewable.   The order is not appealable under subdivision 1 of this section for the reason that it does not determine the action, nor prevent a judgment from which an appeal may be taken.   The only other provision of this section under which it could be claimed that this appeal is authorized is subdivision 2, which provides that an appeal may be taken from " a final order affecting a substantial right, made * * * upon a summary application in an action after judgment."   In Paper Supply Co. v. MacDonald, 44 S. D. 100, 182 N. W. 526, in considering whether an order granting a motion to vacate a default upon

which no judgment had been rendered was appealable, it is said: "The order before us was not a 'final order' (Ledebuhr v. Grand Grove, etc., 97 Wis. 341, 72 N. W. 884; Port Huron E. & T. Co. v. Rude, 101 Wis. 324, 77 N. W. 177), and certainly it was not made 'after judgment.'" We have recently reviewed orders granting motions to vacate judgments (Squires v. Meade County, 59 S. D. 293, 239 N. W. 747; Braa v. Bruner, 60 S. D. 397, 244 N. W. 537; Western Material Co. v. Grant County, 61 S. D. 308, 248 N. W. 493), but in the absence of objection the question whether such an order was reviewable was not considered.

In the instant case, the order relieving the respondent from default and granting to it leave to make a disclosure in garnishment was made after the entry of judgment. The question whether an appeal will lie to review a similar order was before the Supreme Court of Wisconsin in Ledebuhr v. Grand Grove, etc., supra. The statute of Wisconsin at the time this case was decided contained the exact language of our statute. Notwithstanding the order was made after the entry of judgment, the court in that case held that the order was not appealable. This holding was approved and followed in Port Huron E. & T. Co. v. Rude, supra; State v. Circuit Court, 108 Wis. 77, 83 N. W. 1115; Kelm v. Kelm, 204 Wis. 301, 235 N. W. 787. If the motion had been denied, the order would have been a final order and appealable. Ontjes v. Thomas, 44 S. D. 542, 184 N. W. 795; Morrison & Skaug v. Connery, 54 S. D. 329, 223 N. W. 210.

Inasmuch as the order appealed from is not final and for that reason not reviewable, the present proceeding must be dismissed. It is so ordered.

All the Judges concur.