In Re ENGEBRETSON'S ESTATE

ENGEBRETSON et al., Appellants, v. GRAFF, Respondent

(34 N. W.2d 926.)

(File No. 9025. Opinion filed December 7, 1948.)

**James O. Berdahl,** of Sioux Falls, for Appellants.
**Danforth & Danforth,** of Sioux Falls, for Respondent.

HAYES, J. Subsequent to the last opinion of this court in this proceeding, reported in 72 S. D. —, 30 N. W.2d 644, the circuit court remanded the proceeding to county with directions to enforce the judgment of the circuit court as provided by SDC 35.2114. Thereafter the administrator filed in county court a report entitled "Supplemental Final Account of Administrator and Petition for Distribution". Said report, which we will hereinafter refer to as the supplementary account, sets forth in detail steps taken by the administrator as required by the judgment and decree of the circuit court and payments in accordance with a stipulation between the parties agreeing to a partial distribution of funds of the estate. Also included in said supplementary account, and sought to be allowed to the administrator as expenses of administration, are bond premiums, costs and attorneys' fees aggregating $1632.82 claimed to have been necessarily and in good faith incurred by the administrator in his handling of the affairs of the estate. All of the costs and fees were incurred subsequent to the final account filed in county court and after distribution as decreed on appeal to the circuit court.

At the time set for a hearing in county court upon the supplementary account appellants appeared specially and objected to the jurisdiction of that court to hear and consider said account. From an order overruling their objection in county court appellants appealed to the circuit court. A ruling of the circuit court affirming the order of the county court overruling appellants' said objection and dismissing their appeal is the alleged error appellants now ask this court to review.

 The provisions of SDC 35.2101 grant to appellants no right of appeal to circuit court from the order of the county court aforsaid. By said order the county court has but declared that it will hear the supplement account. Obviously such an order does not constitute a judgment, decree or order specified as appealable under the first eight subsections of SDC 35.2101. Nor does the same affect a substantial right and thus meet the requirement of subsection (9) of said code section. In a former opinion in this same proceeding, 68 S. D. 255, 1 N. W.2d 351, 352, 142 A.L.R. 1454, it is stated: "The term 'substantial right' as used in this statute is that which concerns the subject matter of the proceeding and not a mere matter of practice * * *". The order called up for review in circuit court and now before us on this appeal deals only with a question of practice and procedure. Although it relates to a hearing upon the subject matter, i. e., the supplemental account, the substantial rights of the parties are now exactly the same as they were at the time when the county court entered the challenged order and therefore remain unaffected thereby. Consequently the purported appeal to circuit court was unauthorized and ineffectual. No decision of the county court is appealable to circuit court unless made· so by the provisions of the statute referred to above. As was held in Moore v. Hahn, 65 S. D. 284, 273 N. W. 377, an appeal will not lie in the absence of statutory authority therefor and an order not specified as appealable is not reviewable. An appeal from such an order should be dismissed.

It follows that the order of the circuit court embodying an affirmance of the county court's ruling upon appellants' objection was to that extent in excess of the authority invoked by the unauthorized appeal to that court and that nothing reviewable is presented on the appeal to this court. Accordingly we remand the cause to the circuit court with directions to vacate its order of August 6, 1948, and to enter an order providing only for a dismissal of the appeal therein pending as contrary to authorized procedure.

All the Judges concur.