497 P.2d 833

**Jose G. COTA and Margarita Cota, husband and wife, Appellants,**

**v.**

**SOUTHERN ARIZONA BANK & TRUST COMPANY, a National Banking Association, Appellee.**

**No. 2 CA–CIV 1080.**

Court of Appeals of Arizona, Division 2.

June 6, 1972.

Aboud & Aboud by John Aboud, Tucson, for appellants.

Mesch, Marquez & Rothschild by Douglas H. Clark, Jr., Tucson, for appellee.

HOWARD, Judge.

This is an appeal from the denial of a motion to set aside the entry of default judgment and a motion to quash garnishments.

On October 27, 1969, Jose R. Cota, the adult son of appellants Jose G. Cota and Margarita Cota, signed a contract with appellee for the purchase of an automobile. Appellant Jose G. Cota signed the guarantee agreement contained in said contract, guaranteeing payment of all amounts owing under the agreement and agreeing to pay the same if his son defaulted in the payments. In March of 1970, the son married. When the son later defaulted on the

payments, the automobile was repossessed and sold by the bank. Since a deficiency resulted from the sale the bank had appellant Jose G. Cota, sign a promissory note to cover the deficiency. When appellant Jose G. Cota failed to make payments on this second note, the bank filed a lawsuit to recover the sum due serving appellants and their son with a copy of the summons and complaint. Appellants failed to answer. A default was then entered, default judgment was taken and writs of garnishment were issued.

In their affidavit of meritorious defense the appellants contended that there was excusable neglect for failure to answer since they spoke very little English. They further contended that appellant Jose G. Cota was a co-signor and surety throughout this matter for the benefit of his son and since his wife never signed the "accommodation" contract or note, no judgment could be procured against the community and therefore garnishments against community income were improper.

It is a requisite that the party requesting the setting aside of both the entry of default and the judgment entered by default must show (1) mistake, inadvertence, surprise or excusable neglect, and (2) a substantial and meritorious defense and of what it consists, under oath. Evans v. C & B Development Corp., 4 Ariz.App. 1, 417 P.2d 372 (1966).

Because it prevents a trial on the merits, a default judgment is not favored by the courts. Courts should be liberal in relieving parties of defaults caused by inadvertence or excusable neglect and where doubt exists as to whether the motion to vacate should be granted it should be resolved in favor of the moving party. Haenichen v. Worthington, 9 Ariz.App. 83, 449 P.2d 319 (1969).

Does illiteracy constitute excusable neglect or mistake? Generally, ignorance of the English language will furnish no excuse for failing to defend the action or justify the vacation of a judgment, at least where the person knows he has been sued and neglects to seek information or advice from others. Languein v. Olson, 56 S.D. 1, 227 N.W. 369 (1929). However, the lack of the ability to speak or read English can be taken into account by the court. See Daly v. Okamura, 25 Ariz. 50, 213 P. 389 (1923). And, where a person's ignorance of the English language has prevented him from discovering that legal proceedings have been taken against him until after rendition of judgment, such illiteracy should be considered. Flannery v. Kusha. 147 Minn. 156, 179 N.W. 902 (1920). Appellants' affidavit in the case indicates that they thought that the summons and complaint was merely a notice to make their payments faster. In fact after receiving the papers appellant went to the bank and made a payment which the bank accepted. Taking as true the undisputed allegation that they could not read English, it is easy to see how they arrived at this mistake. There are many Spanish-speaking persons in Arizona who are unable to speak or read English or who are greatly limited in use of the English language. When their linguistic handicap causes them to fail to answer a complaint, they should not be penalized by the extreme sanction of a default judgment, provided a meritorious defense exists.

As to the existence of a meritorious defense, the appellants stated in their affidavit that one reason Jose G. Cota signed the note was the fact that he was told by a representative of the bank that he must sign the second note or else his son would be thrown in jail. Appellee filed no affidavit to counter this sworn statement and we assume on review that he was in fact so informed. We have no debtor's prison in this country. There would be no legal justification for such a threat. Such statement raises the defense of duress which could be a meritorious defense.

We conclude that the trial court abused its discretion in not setting aside the entry of default and default judgment and in not quashing the writs of garnishment.

The case is reversed and the trial court is ordered to quash the writs, set aside the entry of default and default judgment, to allow appellants to file responsive pleadings and proceed with the case in a manner not inconsistent with this opinion.

KRUCKER, C. J., and HATHAWAY, J., concur.