404 So.2d 774 (1981)
Joene E. ELLIS, Appellant,
v.
Edwin M. ELLIS, Appellee.
No. 81-840.
District Court of Appeal of Florida, Second District.
September 23, 1981.
*775 R. Terry Rigsby of Moffitt, Hart & Miller, Tampa, for appellant.
Paul W. Hitchens of Akerson & Swisher, St. Petersburg, for appellee.
GRIMES, Acting Chief Judge.
This is an appeal from the denial of a motion to set aside an order terminating an ex-husband's obligation to make further alimony payments. The order was based on a default entered against the former wife for failure to plead to a petition for modification of alimony.
The Ellises were divorced in Iowa in 1969 pursuant to a decree which ordered Mr. Ellis to pay his wife $400 a month alimony. He later moved to Florida, and in 1979 she filed a petition for registration of the foreign support order and for the determination of certain arrearages. He counterpetitioned for reduction of alimony. The court entered an order establishing the Iowa divorce decree as a Florida judgment and determined the amount of arrearages. Then, following a hearing, it reduced the alimony to $200 a month.
On October 3, 1980, Mr. Ellis filed a supplemental complaint seeking termination of his alimony obligations on grounds of worsened financial circumstances. The complaint was served on Mrs. Ellis in Iowa on October 10, 1980, but she filed no responsive pleadings. At the request of Mr. Ellis's attorney, the clerk of court entered a default against Mrs. Ellis on November 4, 1980, pursuant to Florida Rule of Civil Procedure 1.500(a), and by order dated December 3, 1980, the court terminated Mr. Ellis's obligation to make further alimony payments.
On January 23, 1981, Mrs. Ellis moved to set aside the order of December 3, 1980. In her affidavit, she stated that when she was served with the supplemental complaint for modification of alimony she did not receive notice of a hearing or of a time limit for the filing of a responsive pleading. She said that she did obtain Iowa counsel and "instituted the process of obtaining counsel in Florida, again without any notice of hearing, a requirement of responsive pleading or time limit thereto." Finally, she asserted that the termination of the alimony was contrary to her need for support and her former husband's ability to provide it. The court denied the motion to set aside the default order, noting that the Iowa sheriff's return reflected service of a summons which on its face called for the filing of a responsive pleading within twenty days.
Mrs. Ellis first asserts that the clerk did not have authority to enter a default without notice because of Florida Rule of Civil Procedure 1.500(b) which provides that:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default.
Mrs. Ellis reasons that the papers filed on her behalf in 1979 brought the latter portion of the rule into play. This contention is without merit. In Moore v. Lee, 72 So.2d 280 (Fla. 1954), our supreme court held that in proceedings to modify a final judgment, service of the pleadings upon the attorney who represented the other party in the earlier proceedings was insufficient to acquire jurisdiction. If subsequent proceedings in the same case are deemed separate to the extent that service upon the adversary's former attorney will not suffice, we do not think that here the pleadings filed in the 1979 proceedings can carry over for the purposes of rule 1.500(b).
Mrs. Ellis's argument that the court abused its discretion in failing to set aside the default strikes a more responsive note. In her affidavit she positively stated that *776 she did not receive the summons at the time of the service of the supplemental complaint for modification. In her brief she points out that she had no reason to know that she would not receive a subsequent notice of the court hearing because the prior modification of alimony took place only after she received a notice of hearing. The court laid stress upon the Iowa deputy's return which, without specifically describing the petition or the summons, simply recited service of "the within notice." However, the fact that there is an original and one copy of the summons in the court file lends credence to Mrs. Ellis's position. Under normal circumstances the copy would have been served on her and only the original filed with the court.
Florida courts have maintained a long-standing policy of liberality toward the vacating of defaults. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962). This is because the law favors the resolution of controversies on the merits rather than by default when the defendant can demonstrate that his neglect was excusable and that he has a meritorious defense. Travelers Insurance Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977). Thus, there is a lesser showing required to reverse the denial of a motion to vacate a default than there is to reverse the granting of such a motion. Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla.2d DCA 1977).
Under the circumstances, we think that any negligence on the part of Mrs. Ellis in failing to insure the timely filing of a responsive pleading was excusable and that she has asserted a meritorious defense. We believe that justice would be better served by a hearing on the merits before there is any change in alimony.
We reverse the judgment, set aside the default, and direct that Mrs. Ellis have an opportunity to plead and to participate in a hearing.
OTT and RYDER, JJ., concur.