CAMPBELL, Judge.
Appellant, Caroline Ann Leinberger, seeks review of the order denying her motion to vacate pursuant to Florida Rule of Civil Procedure 1.540 (1983).
Appellant raises three points on appeal. First, she claims the trial court erred in failing to set aside the judgment for excusable neglect based on her manic depressive psychosis. Second, she argues she was entitled to notice before the entry of the judgment which determined her property rights and her parental rights. Third, she claims she was entitled to a guardian ad litem under Florida Rule of Civil Procedure 1.210(b) (1983).
Appellee, Herbert Leinberger, filed a petition for dissolution of marriage and properly served appellant with the petition in June of 1981. Appellant did not answer and a default judgment was entered.
In April of 1983, appellee filed an affidavit regarding child custody and attended a hearing before a master. During the time between June of 1981 and April of 1983, appellant was suffering from manic depressive psychosis. She was in a mental hospital on six occasions during that time.
Following the master’s report, the trial court entered a final judgment of dissolution of marriage on May 26,1983, awarding appellee custody of the children, exclusive and sole occupancy of the marital home until the youngest child reached the age of eighteen and making no provisions for alimony.
Appellant was given no notice of the hearing before the master, nor of the final judgment hearing.
After appellant was served with the final judgment, an attorney was contacted. A motion to set aside the judgment of dissolution of marriage pursuant to Florida Rule of Civil Procedure 1.540 was filed. The motion was denied.
A motion for rehearing was filed and an affidavit and a letter memorandum were attached to support the motion. The affidavit stated that appellant lived with appel-lee as husband and wife after the petition was filed and during the times when appellant was not an inpatient at the mental hospital. Appellant also argued that she was entitled to notice before the final hearing. The motion for rehearing was denied, and this appeal followed.
Generally, the granting of relief from a default judgment lies within the discretion of the trial judge. Diners Club, Inc. v. Brachvogel, 395 So.2d 1156 (Fla.1980). Appellee argues that there must be a gross abuse of discretion to reverse the trial court’s decision in this case. We do not agree because this is a denial of a motion to vacate. “[TJhere is a lesser showing required to reverse a denial of a motion to vacate a default than there is to reverse the granting of such a motion.” Ellis v. Ellis, 404 So.2d 774, 776 (Fla. 2d DCA 1981). See also Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977); Duckworth v. Duckworth, 414 So.2d 562 (Fla. 3d DCA 1982). This rule encourages the resolution of controversies on their merits rather than by default judgment, and is in keeping with the policy of liberality towards vacating defaults. Ellis at 776.
Here, there was testimony before the master that appellant was unable to care for herself due to her psychosis. The illness makes it questionable whether it was proper to grant the default, even though appellant never claimed that she was incompetent, nor was she adjudicated incompetent.
 We are not prepared to hold that appellant was required to be served with notice of the final hearing once she had *1142 defaulted after being served with the petition for dissolution of marriage which included a prayer for child custody. While Duckworth and Doane v. Doane, 279 So.2d 46 (Fla. 4th DCA 1973) seem to disapprove allowing child custody to be determined by default in the face of motions to vacate filed by a parent, we conclude that there must be something more than a mere showing of lack of notice after default. Here, there was also a year-and-a-half delay between the filing of the petition and the entry of the final judgment. The length of this delay, appellant’s illnesses and hospitalizations, her alleged cohabitation with appellee all taken together, indicate that notice probably should have been given pri- or to the entry of a final judgment in the event appellant had concluded that the proceedings were not going to be pursued to a conclusion.
Appellant also argued that she was entitled to a guardian ad litem under rule 1.210(b), Florida Rules of Civil Procedure (1983). We do not agree. The court is required to appoint a guardian ad litem only for “an infant or incompetent person.” Here, appellant has never been determined incompetent. Therefore, the rule does not apply to her, unless she is adjudicated incompetent.
For the foregoing reasons, we reverse and remand for further proceedings in regard to the issues of child custody, child support, alimony and property rights. The final judgment, insofar as it dissolves the marriage of the parties, is undisturbed.
OTT, A.C.J., concurs.
SCHOONOVER, J., concurs in result only.