ERVIN, Judge.
This case is an appeal of an order of the circuit court granting a motion to set aside a default judgment. We affirm.
Appellant filed a complaint against Ronald E. Burkett for damages, based on the failure of appellee to pay appellant a sum totaling $9,166. A motion for default was filed by appellant, and default was entered. Approximately two weeks later, appellee filed an answer and a motion to set aside the default and final judgment. The motion’s grounds for excusable neglect were as follows:
A. That on March 18, 1986, Defendant and his Wife learned that the child they were going to adopt was bom stillborn.
B. That because of the disappointment and shock, Defendant’s Wife became emotionally and physically sick for a period of several weeks.
C. That during this period, Defendant’s Wife was served with a Summons and Complaint, however, she was not informed of their contents.
D. That Defendant is illiterate and was unaware of the contents of the paper served upon his Wife.
2. That upon receiving in the mail a copy of the Final Judgment from Circuit Judge Laurence D. Fay, Defendant brought the Final Judgment to the undersigned attorney and asked him what the Final Judgment meant.
3. That Defendant has a meritorious defense to Plaintiff’s Complaint as reflected in the attached Answer, Affirmative Defense and Motion to Transfer for Improper Venue.
The circuit court subsequently entered an order granting defendant’s motion to set aside default and final judgment.
We initially observe that illiteracy generally does not provide a basis to set aside a judgment on the ground of excusable neglect. The general rule is that mere negligence or inattention of a party is no ground for vacating a judgment. See 46 Am.Jur.2d Judgments § 718 (1969). “Even illiteracy does not excuse one from using diligence to ascertain correctly the contents of a notice duly served.” Snow v. Conley, 113 Ga.App. 486, 148 S.E.2d 484 *1252 (Ga.Ct.App.1966). Illiteracy can be taken into account if it prevents a person who did not discover that legal proceedings had been taken against him until after the rendition of a judgment. Cota v. Southern Arizona Bank and Trust Co., 17 Ariz.App. 326, 497 P.2d 833, 834 (Ariz.Ct.App.1972). There is, however, no showing in the instant case that the appellant could not speak English.
The lower court’s finding of excusable neglect was, however, also grounded on the emotional condition of the wife resulting from the death of a child whom the couple had planned to adopt. Appellant argues that John Crescent, Inc. v. Schwartz, 382 So.2d 383, 384 (Fla. 4th DCA 1980) dictates reversal. In John Crescent, Inc., the court reversed the vacating of a judicial sale, as well as the setting aside of the certificate of title, finding that the failure of the wife to comprehend and act upon the service of process made upon her, because of “an emotional condition of unresolved anxiety”, did not constitute excusable neglect. Id. at 385-86. The court considered that relief due to excusable neglect can only be granted because of “the misconduct, wrongdoing or negligence of someone other than the party seeking relief.” Id. at 386.
We decline to follow the rationale in John Crescent, Inc. We first observe that in the instant case — unlike the situation in John Crescent, Inc. — the wife was not made a party to the action and was not the party seeking relief. Additionally, we are of the view that excusable neglect can be grounded on the psychological condition of the party seeking relief. Cf. Leinberger v. Lienberger, 455 So.2d 1140, 1141 (Fla. 2d DCA 1984), wherein the court, observing that appellant was unable to care for herself, due to psychosis, concluded that “[t]he illness makes it questionable whether it was proper to grant the default....”
AFFIRMED.
SMITH, C.J., and BOOTH, J., concur.