NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

KAREN MOTHERSHEAD, *Plaintiff/Appellant*,

*v.*

ASLAM DULARA, et al., *Defendants/Appellees*.

---

WELLS FARGO BANK, et al., *Garnishees/Appellees*.

No. 1 CA-CV 19-0111
FILED 12-26-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2015-053526
The Honorable Rodger E. Brodman, Judge

**AFFIRMED**

---

COUNSEL

Karen Mothershead, Scottsdale
*Plaintiff/Appellant*

Gaona Law Firm, Phoenix
By David F. Gaona
*Counsel for Defendants/Appellees Iqbal Dulara and Dulara Enterprises, LLC*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Vice Chief Judge Kent E. Cattani joined.

---

**S W A N N**, Chief Judge:

**¶1** Karen Mothershead appeals the superior court's order quashing writs of garnishment against Iqbal Dulara and Dulara Enterprises LLC, arguing that she was denied due process and that the superior court provided no legal reason for its ruling. The record does not support Mothershead's contentions. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In 2015, Mothershead filed a breach of contract claim against Aslam and Areen Dulara, Dulara Automotive Group LLC, and Big Bell Auto Superstore. In June 2017, the parties entered into a settlement agreement whereby Aslam and Areen Dulara were dismissed from the action and Mothershead obtained a $194,000 judgment against Dulara Automotive Group, LLC, and Big Bell Auto Superstore. In December 2018, in an attempt to collect on the June 2017 judgment, Mothershead filed writs of garnishment for bank accounts in the names of Dulara Automotive Group, Aslam Dulara, and various non-parties including Iqbal Dulara and Dulara Enterprises.

**¶3** Iqbal Dulara and Dulara Enterprises (collectively, "Appellees") filed a motion to quash the writs of garnishment as to their accounts and requested an immediate hearing, arguing that the writs were improper because they were not parties to the complaint or judgment. Mothershead responded to the motion arguing that the accounts were subject to garnishment because they held funds fraudulently transferred from a judgment debtor. Mothershead did not, however, offer evidence to prove the alleged transfers.

**¶4** After holding a hearing, the court granted the motion to quash. Mothershead appeals.

**DISCUSSION**

**¶5**　　　　As an initial matter, Appellees request that we dismiss Mothershead's opening brief because it fails to comport with the Arizona Rules of Civil Appellate Procedure.　ARCAP 13(a) provides that an opening brief must set forth a "'statement of facts' that are relevant to the issues presented for review, with appropriate references to the record," a "'statement of the issues' presented for review," and a section setting forth the appellant's arguments "concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the parts of the record on which the appellant relies."　Mothershead's opening brief lacks a clear statement of facts relevant to the case and does not provide any citation to the record. It does not provide a clear statement of the issues presented for review, and the arguments lack reasoning or clear citations to legal authority.　But though we may dismiss an appeal when the appellant fails to comply with Arizona's procedural rules, we prefer to decide cases on their merits. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342–43 (App. 1984).　We therefore address the arguments briefly listed in Mothershead's opening brief.

**¶6**　　　　We review the superior court's ruling for abuse of discretion. *See Cota v. S. Ariz. Bank & Trust Co.*, 17 Ariz. App. 326, 327 (1972).　"An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45 (App. 2009).

I.　　　MOTHERSHEAD WAS NOT DENIED DUE PROCESS.

**¶7**　　　　Mothershead first contends that she was denied due process because the court did not admit any evidence or take witness testimony. "Procedural due process means that a party had the opportunity to be heard at a meaningful time and in a meaningful manner." *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106–07, ¶ 20 (App. 1999) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)) (quotation marks omitted). "Due process is not a static concept; it must account for 'the practicalities and peculiarities of the case.'" *Id.* at 107 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).　Arizona law requires that "[i]f a timely objection to the [writ of garnishment] is filed the court, after hearing evidence and argument, shall determine whether the writ is valid . . . and enter judgment on the writ."　A.R.S. § 12-1584(B).

**¶8**　　　　Here, Mothershead submitted exhibits with her response and offered argument at a nearly one-hour hearing.　Though the court did not

allow for any witness testimony during the hearing, testimony was not necessary to enable the court to decide the legal issue presented. Mothershead had the opportunity to be heard at a meaningful time and in a meaningful manner, and her due process rights therefore were not violated.

## II. THE SUPERIOR COURT PROVIDED A LEGAL REASON FOR ITS RULING.

**¶9** Mothershead next contends that the superior court abused its discretion because the motion to quash failed to state any legal reason to support the objection to the writs, and the court failed to state any legal reason for approving the motion to quash. This argument lacks merit and is unsupported by the record. Appellees' motion to quash provided a written, legal reason for the objection to the writs—specifically, that "fundamental precepts of fairness and due process have completely been missed." Further, the superior court specifically provided a legal reason for its ruling, holding that "the actions of the Plaintiff . . . taken here do not comport with Arizona law or due process." And in view of Mothershead's failure to provide evidence to support her claim that the Appellees' accounts held a judgment debtor's funds, the court's conclusion was not an abuse of discretion.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm the superior court's order quashing the writs of garnishment. Appellees request attorney's fees under A.R.S. §§ 12-1580(E) and 12-341.01. Because Appellees are the prevailing party on garnishment objections, we award them costs and attorney's fees in a reasonable amount under § 12-1580(E), subject to their compliance with ARCAP 21.

