Buford, J.
 

 In this case the defendant in error filed suit against one J. E. Ford, Bedford. Jones and W. E. Davis. Ford not being found, the suit was dismissed as to him and an amended declaration was filed against Jones and Davis. The suit against Jones and Davis was upon a contract as guarantors, which was in the following language:
 

 “FOR AND IN CONSIDERATION OF One Dollar, to us in hand paid by McConnon & Company, the receipt whereof is hereby acknowledged, we hereby jointly and severally guarantee, absolutely and unconditionally at all times, payment at Winona, Minnesota, of any indebtedness to the said McConnon & Company, hereafter incurred by or for J. E. Ford of DeLeon Springs, State of Florida, by reason of the sale of goods, wares, merchandise and equipment to him, from time to time, by the said McConnon & Company, regardless-of his ability or willingness to 'pay and we-hereby waive notice of any default by the said J. E. Ford and consent to any extensions by McConnon & Company of time of payment by him.
 

 “This undertaking shall be an open one and shall so continue at all times without -respect to residence or location of business of the said J. E. Ford until revoked in writing by us, the undersigned sureties, notice of revocation to be served on the said McConnon & Company at its office in Winona, Minnesota.
 

 
 *1160
 
 “It is understood that thére are no conditions or limitations to this undertaking, except those written or printed hereon, at the date hereof,' and that after execution no alteration, change or modification hereto shall be binding or effective, unless executed in writing signed by ourselves and McConnon ■& Company under the corporate seal of said company.
 

 “IN WITNESS WHEREOF, we have hereunto set our hands and seals at Winona, Minnesota, this 12th day of Jan., 1927.”
 

 To the declaration was attached a statement of the goods alleged to have been sold and delivered to Ford subsequent to and in pursuance of the contract executed by Jones and Davis as joint and several guarantors. There was a failure to secure service of process against Davis and the case proceeded against Jones. Jones filed two pleas, as follows:
 

 “Comes now the defendant, Bedford Jones, by and through his undersigned attorneys, and for a first plea unto the plaintiff’s Amended Declaration, says:
 

 ‘ ‘ That at the time the instrument sued upon in plaintiff’s declaration was signed by this defendant, Bedford Jones, the said plaintiff, McConnon & Company, obligated to and agreed with this defendant, Bedford Jones, that' the plaintiff, McConnon and Company, would pay to the defendant, Bedford Jones, the sum of One Dollar ($1.00) for and in consideration of the defendant, Bedford Jones, executing the agreement declared upon in plaintiff’s declaration; that the said Bedford Jones did not at the time of executing said agreement, or at any time either before, at or after the execution of said agreement receive One Dollar ($1.00) or any sum of money as and for the consideration of this defendant executing said agreement, from the
 
 *1161
 
 plaintiff, McConnon and Company, or from anyone in its behalf, and so it is, that this defendant, Bedford Jones, says that the consideration for the execution of the instrument sued upon'in plaintiff’s declaration, has wholly failed.
 

 “And for a second plea to the plaintiff’s Amended Declaration the defendant, Bedford Jones, says:
 

 ‘ ‘ That the contract of guaranty alleged in the plaintiff’s Amended Declaration as between this defendant, Bedford Jones, "W. E. Davis, and the plaintiff, McConnon and Company, for the payment of all obligations by J. E. Ford, has never been accepted or acted upon by the plaintiff, and that the plaintiff has never notified this defendant, Bedford Jones, that said contract of guaranty would be acted upon or would be accepted by the plaintiff, and so it is that the 'defendant, Bedford Jones, says that the contract of guaranty sued upon in plaintiff’s declaration is null and void.”
 

 Motion to strike the second plea was granted.
 

 Demurrer was filed to the first plea and overruled.
 

 Thereupon, issue was joined on the first plea.
 

 The demurrer to the first plea was overruled by the resident Circuit Judge. The cause came on for trial before the Honorable A. V. Long, Judge
 
 pro Jiaec vice,
 
 under order of the Governor. When the case was called for trial the court, of its own motion, struck the first plea and, thereupon, the plaintiff for proof of final judgment filed in evidence the sworn account of the plaintiff and the foregoing contract and, thereupon the court instructed the jury to bring in a verdict for the plaintiff, which was done, and thereupon judgment was entered.
 

 It is contended that inasmuch as the resident circuit judge had overruled the demurrer to the first plea that the judge
 
 *1162
 

 pro haec vice
 
 was without authority to reverse that ruling and of his own motion strike the first plea. There is no merit in this contention. The ruling was made in both instances by the
 
 court
 
 having jurisdiction and the fact that the judge presiding was not the same in each instance is immaterial.
 

 Neither plea was a proper plea to the declaration.
 

 It will be observed that the guaranty attached to the declaration constitutes an obligation without condition or limit except that which is set forth in the contract itself. The real consideration was the obligation of McConnon & Company to deliver goods to Ford and the recited consideration of $1.00 does not prevent the plaintiff from showing the real consideration. The plea that the One Dollar ($1.00) mentioned in the contract as consideration, was not in fact paid constitutes no defense. In a case like that at bar the Supreme Court' of Mississippi in the case of McConnon & Co. v. Prine, et al., 128 Miss. 192 90 So. R. 730, say:
 

 “Where a contract of guaranty is absolute, unconditional and continuing, and provides for payment of the guaranteed debt for goods furnished a third person and contains a clause, ‘It is understood that there are no conditions or limitations to this undertaking, except those written or printed herein,’ and where .there is no condition or provision for notice of acceptance written or printed in the contract, none is necessary, and, a demurrer to a plea averring that no notice of acceptance was given, the guarantors should be sustained.”
 

 “While ordinarily a contract of guaranty is separable from the debt of the person whose debt is guaranteed, yet ‘where the guaranty or promise is made at the same time with the principal contract, and
 
 *1163
 
 becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends to and sustains the promise of the principal debtor, and also the guarantor. No other consideration need be shown than that for the original agreement upon which the whole debt rested; ’ and in such case the creditor may join all or either in a suit on such debt. The fact that the debt may be evidenced by. different instruments is immaterial. ’ ’
 

 After the plea had been stricken the defendant, Bedford Jones, made the following motion.
 

 “Comes now the' defendant, Bedford Jones, by his attorney, and moves the court for an opportunity to file a plea denying the execution of the contract in question and also the delivery and receipt of the goods as alleged in the declaration and ask for time in which to prepare Such plea.”
 

 Which motion was denied in the following language:
 

 “It appearing to the Court that the Amended Declaration in this cause was filed on October 7th, 1929, and that the plea stricken by this Court was filed on December 2, 1929, and that by the' filing of said plea, the material allegations of the Declaration have been admitted, it is considered by the Court that the motion be, and the same is overruled, to which ruling of the Court, the defendant excepts and an exception is noted.”
 

 . The record shows that the plaintiff introduced in evidence itemized statement of account verified under oath attached to the declaration, togéther with' the contract
 
 *1164
 
 above referred to. It was not made to appear that the court abused its discretion in denying defendant’s motion to file the proposed plea after the cause was called for trial. We find no reversible error in the record and, therefore, the judgment should be affirmed.. It is so ordered.
 

 Affirmed.
 

 Whitfield, P. J., and Strum, J., concur.
 

 Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.