HORTON, Judge.
Plaintiff-appellee brought this action against the defendants Gene Mann Tire Service, Inc., Eugene B. Mann, Dorothy H. Mann and the appellant, J. D. Wishart, to recover an alleged balance due on an open account, and a promissory note of the defendant corporation.
The record reveals that pursuant to personal guaranties executed by the individual defendants,[1] Gates Rubber Company (hereafter Gates) sold certain goods and merchandise, principally tires, on account to Gene Mann Tire Service, Inc. (hereafter Tire Service). Toward the end of 1960, Tire Service was experiencing financial difficulties and its account with Gates was approximately $14,000 past due. Mr. Homer Ward, the credit manager of Gates, thereupon contacted the Manns and Wishart who agreed to a modification of their original guaranties in an effort to adjust their past and future liability to Gates. The material provisions of this agreement are as follows:
“PAST DUE REPORT
“NAME Gene Mann Date 1/30/61
“Firm Name Gene Mann Tire Service
* * *
“6. Comments: After discussion with Mr. Mann and Mr. Jack Wisher [sic] — agreed to—
1. Set up $14,000 notes, payable $500 for 12 months plus interest. Last payment (13th month) to be $8,000.
2. Credit limit at whse — $3500, no shipments to be made over limit or when past due.
/s/ Gene Mann D. Wishart Homer Ward”
in the corner of the agreement was the following notation initialled by Ward:
“Note to be signed by both Mann and Wisher [sic].”
On February 6, 1961, pursuant to the foregoing agreement, Tire Service, through the Manns and Wishart as its officers, executed and delivered its promissory note to Gates in the principal sum of $14,000.[2] Upon receipt of the note, Gates credited Tire Service’s open account with the principal sum and continued shipping merchandise to Tire Service. Thereafter, Tire Service made a number of payments on the note and upon its open account, but *505 subsequently defaulted, leaving a balance due on the note of $11,500 and a balance of $8,725 on the open account. It was this sum plus interest and costs that Gates sought to recover in the instant litigation.
The appellee’s amended complaint alleged the foregoing facts and sought to hold the defendants jointly and severally liable. The appellant’s answer admitted the execution of the personal guaranty but averred that subsequent thereto, its terms and conditions were materially changed by the parties, limiting and restricting his personal liability. The appellant’s answer further alleged that he was neither primarily nor secondarily liable on the corporate note and not indebted as a guarantor thereon. The appellant’s position was that the action was founded upon a corporate promissory note and that the complaint contained no allegation as would attach liability to any of the individual defendants.
The cause proceeded to trial and at the outset thereof, the appellant moved for a severance on the ground that a disproportionate verdict mi^ht result. This motion, as well as his motion for directed verdict later made, was denied. At the conclusion of all the evidence, plaintiff-appellee moved for a directed verdict which motion was granted upon the grounds that the defendants had failed to prove and establish by any competent evidence any legal or valid defense to their indebtedness. Pursuant to the granting of the motion for directed verdict, the trial court entered its final judgment in favor of the appellee and against Tire Service, the Manns and Wishart in the sum of $20,488.72. After entry of the final judgment the appellant moved for a new trial, which motion was denied. This appeal by Wishart followed.
The principal points urged by appellant for reversal are (1) that the trial court erred in not severing the issues between the appellant and the appellee from the issue between the corporate defendant and ap-pellee; and (2) that the court erred in granting appellee’s motion for directed verdict.
As to appellant’s first point, we note that ordinarily the question as to whether separate trials should be granted two or more defendants in a civil action lies within the sound discretion of the trial court. See 32 Fla.Jur., Trials, § 18. Further, it has been held that where a guarantor, by instrument in writing, guarantees payment for merchandise to be sold to a corporation, he may be joined with the corporation in a suit on such debt. Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760. Inasmuch as no abuse of discretion has been demonstrated, we conclude that this point is without merit.
We now turn to the appellant’s second point. He argues, inter alia, (1) that the appellee-Gates breached the modification agreement by extending credit to the corporate defendant in excess of $3,500 (the credit limitation placed therein) ; and (2) that his liability to Gates, if any, was discharged by the payments made by the corporate defendant. Appellant also argues that these questions were for the jury and, therefore, the trial court erred in directing a verdict against him.
The first part of this argument is without merit. A guarantor is not relieved from his liability by the mere fact that credit has been extended to the principal debtor beyond the amount to which the guarantor’s liability is limited. On the contrary, it is well settled that where the contract of guaranty provides merely that the guarantor shall not be liable under his guaranty for an amount in excess of a certain sum, he is liable for that amount, although credit may be given for a larger amount. 24 Am.Jur., Guaranty, § 86. We have carefully reviewed the evidence and testimony in this cause and conclude that the verdict entered against the appellant did not include any excess over the credit limitation for credit extended from Gates’ *506 warehouse. Accordingly, no factual question remained for the jury’s determination.
 The second part of the appellant’s argument — that his liability to the appellee was discharged by payments made by the corporate defendant — is not supported by the record. In addition, the appellant testified that it was his understanding that the $14,000 promissory note sued upon was further security for the debt existing between Tire Service and the appellee. It is true that certain statements of account attached to the appellee’s amended complaint appeared to show a credit against the open account of Tire Service in the amount of the promissory note and again, at a later time, a credit against the open account of the balance remaining due on the promissory note in the sum of $11,500. The stipulation of the parties at the trial, which agreed that $11,500 remained due and unpaid on the promissory note, together with the appellant’s apparent admission in his testimony that the note was given as further security for the debt rather than payment, renders any factual issue on that point moot. The law in Florida seems to require that there be an express agreement that the giving of a negotiable instrument shall operate as a payment if it is to have that effect. This rule was announced in Frank v. Williams, 36 Fla. 136, 18 So. 351, and prior thereto, in Salomon v. Pioneer Co-operative Co., 21 Fla. 374, and cited with approval in Holcombe v. Solinger & Sons Co., (5th Cir.) 238 F.2d 495, 74 A.L.R.2d 728, 733. Since the intention and purpose of the taking of the promissory note in this instance appears conclusively to have been for the purpose of further securing the debt due by Tire Service to the appellee, no factual issue as to intent was left for the jury to determine.
We conclude that the learned trial judge was eminently correct in directing a verdict as he did, and that the judgment appealed should be affirmed.
Affirmed.

. Eugene B. Mann was president, Dorothy H. Mann was vice president and Wishart was secretary of the defendant corporation. The guaranties were executed, as noted above, in their individual capacities.

. Although the notation in the agreement seems to indicate that the parties intended for Mann and Wishart to sign in their individual capacities, the note was executed solely by the corporation.