ALLEN, Chief Judge.
The appellant, American Fire and Casualty Company, defendant below, has appealed an order of the lower court denying a motion to compel arbitration pursuant to a provision in the insurance contract between American Fire and Casualty Company and Anna C. Tillberg, plaintiff below, appellee here.
The plaintiff Tillberg was involved in an automobile collision with one Jarry, an uninsured motorist. Under the terms of plaintiff’s insurance policy with defendant company, recovery could be had under the policy for an accident with an uninsured motorist if the case were submitted to arbitration between insurer and insured.
The Tillbergs brought a suit against Jarry and obtained a judgment against him for $12,000 plus costs.
The plaintiff Tillberg then brought the present suit against American Fire and Casualty Company for $10,000, which is the limit of the company’s coverage under the insurance policy. The defendant, American Fire and Casualty Company, moved for a judgment on the pleadings, which was denied by Judge Leavengood, before whom the case was first heard. He stated in his order denying defendant’s motion that the arbitration provisions of the insurance contract had been waived by the insurance company.
The case was reassigned to Judge Driver, who had heard the case of Tillberg v. Jarry.
Judge Driver, on the 28th day of December, 1965, entered the following order, which is the subject of this appeal:
“This cause came on to be heard, upon Defendant’s Motion to Compel arbitration under F.S. 57.12 [F.S.A.], the Defendant claiming that Plaintiff and Defendant were and are parties to an agreement or provision for arbitration subject to this law, and that Plaintiff was neglecting or refusing to comply with F.S. 57.10-31 [F.S.A.]. The Defendant sought an Order directing the parties to proceed with arbitration in accordance with the terms of the insurance agreement.
“From a review of the file and the insurance agreement the Court is satisfied and finds that no substantial issue exists as to the making of the agreement or provision under the Family Protection (uninsured motorist) Coverage, paragraph 8, set forth in Plaintiff’s Exhibit ‘A’ attached to the Complaint, and calling for arbitration in accordance with the rules of the American Arbitration Association.
“However, the Court finds that on October 26, 1965, the prior Judge to whom the case was assigned, in ruling on Defendant’s Motion for Judgment on the Pleadings denied same and stated
“ ‘ * * * it appearing to the Court in view of the Complaint and attached Exhibits thereto the Carrier waived the provisions within the insurance contract concerning arbitration and absence of written consent to bring direct suit against the uninsured motorist; * *
and the Court feels that this ruling has established the law of the case from which the Court cannot depart. It is thereupon
“ORDERED AND ADJUDGED that Defendant’s Motion to Compel Arbitration be, and the same hereby is, denied.
“DONE AND ORDERED in Chambers in Clearwater, Florida, this 28th day of December, 1965.
s/ B. J. Driver Circuit Judge.”
We do not know whether or not Judge Driver would have denied the defendant’s *784 motion to compel arbitration had the previous circuit judge not entered an order ruling on defendant’s motion for judgment on the pleadings.
It is noted from this order that the judge felt that the law of the case had been determined by ruling on the pleadings and that he had no authority on a final hearing to depart from this ruling, even if he considered the ruling erroneous. In studying this record, we note that there were various letters, etc., between the Tillbergs and American Fire and Casualty Company from which the trial judge could have determined whether or not the insurance company had waived the provision in the insurance policy which provided for arbitration.
The parties to this suit had a right, at the time defendant moved for a determination of its motion to compel arbitration, to have the judge sitting on the case to decide the issues, without regard to how a previous judge had ruled on the pleadings.
We conclude that Judge Driver had the authority to determine this matter according to his views on the motion to compel arbitration without reference to a view expressed by the previous circuit judge on a ruling on the pleadings.
In the case of Hendrick v. Strazzulla, Fla.App.1964, 168 So.2d 156, we stated, in an opinion written by the late Judge White:
“Finally, it is contended by the defendants that in this court’s decision on the former appeal we held adversely to the plaintiff on the questions here presented, and it is urged that the decision there became the ‘law of the case.’ With this contention we cannot agree. The facts and circumstances on this appeal are materially different from those on the former appeal; but even if we now should find that we were in error on that point of the case, we have the power to correct it. In Beverly Beach Properties v. Nelson, Fla.1953, 68 So.2d 604, 607, 41 A.L.R.2d 1071, Justice Hobson speaking for the Court said:
“ ‘This is the same suit and we have not lost jurisdiction thereof. Consequently, we have the power to correct any error which the Chancellor or we may have heretofore made in the progress of this litigation. * * * ’ (Emphasis added.)”
In the case of Strazzulla v. Hendrick, Fla. 1965, 177 So.2d 1, our Supreme Court, on a petition for certiorari to review our decision in Hendrick v. Strazzulla, supra, held that a court has the power to reconsider and correct an erroneous ruling that has become the law of the case. Mr. Justice Roberts, who wrote the Supreme Court’s opinion in the Strazzulla case, commented on divergent opinions that had been written in Florida on the law of the case, etc. In his opinion, page 3, Justice Roberts said:
“In 1953 the decision in Beverly Beach Properties v. Nelson, supra, 68 So.2d 604, was rendered. In that case this court stated plainly that
“ ‘We may change “the law of the case” at any time before we lose jurisdiction of a cause and will never hesitate to do so if we become convinced, as we are in this instance, that our original pronouncement of the law was erroneous and such ruling resulted in manifest injustice. In such a situation a court of justice should never adopt a pertinacious attitude.’ ”
Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760 (1930), is a case in which the resident circuit judge overruled the demurrer to the first plea. When the case was called for trial another circuit judge struck the first plea and instructed the jury to bring in a verdict for the plaintiff.
Justice Buford, speaking for our Supreme Court in the Jones case, said:
“It is contended that, inasmuch as the resident circuit judge had overruled the demurrer to the first plea, the judge pro *785 hac vice was without authority to reverse that ruling and of his own motion strike the first plea. There is no merit in this contention. The ruling was made in both instances by the court having jurisdiction, and the fact that the judge presiding was not the same in each instance is immaterial.”
In the case of Peterson v. Hopson, 306 Mass. 597, 29 N.E.2d 140, 132 A.L.R. 1 (1940), the Massachusetts Supreme Judicial Court held that while a judge should hesitate to undo his own work and should hesitate still more to undo the work of another judge, he has, until final judgment or decree, power to do so, and may therefore vacate or modify the interlocutory order of another judge.
In 132 A.L.R. 18, we find the proposition that in many instances a judge may properly depart from, or may modify, or even vacate, the interlocutory ruling or order of another in the same case. Thereafter, Jones v. McConnon & Co., the Florida case from which we have heretofore quoted, is cited in addition to cases from a large number of other states.
Subsequently, in the Annotation (132 A.L.R. 30), under the heading, “Jurisdiction or power of second judge,” the following is stated:
“Most of the cases assume * * * that a trial judge has ‘power’ to vacate, modify, contravene, or depart from the ruling or order of another in the same case, whatever may be the consequences of his so doing.”
In support of this, cases are cited from the United States, California, Hawaii, Illinois, Massachusetts, New York, South Carolina and Wisconsin.
Even though other cases support Judge Driver’s order in this case, we feel the better rule is that one who succeeds a judge after an interlocutory ruling has been made in the case has the power to determine the issues according to his own view. He is not bound by the intermediate ruling made by the previous judge.
We conclude that the instant case should be reversed for a new trial. The trial judge should determine from the pleadings, evidence, etc., whether there was a waiver by the appellant company of the arbitration clause in the insurance contract. This adjudication should be. made without reference to any ruling on the pleadings previously made by another circuit judge.
Reversed.
SHANNON and PIERCE, JJ., concur.