348 So.2d 382 (1977)
Harold L. KEATHLEY, Appellant,
v.
Walter LARSON et al., Appellees.
No. 76-1809.
District Court of Appeal of Florida, Second District.
July 22, 1977.
*383 Dennis P. Thompson and David E. Platte, Richards, Nodine, Gilkey, Fite, Meyer & Thompson, P.A., Clearwater, for appellant.
John R. Bonner, Sr., Bonner & Hogan, P.A., Clearwater, for appellees.
PER CURIAM.
In this interlocutory appeal Keathley, plaintiff below, seeks reversal of an order dismissing with prejudice Count I of his third amended complaint, an action for specific performance. We think he's right.
This cause commenced with appellant's filing of a two-count complaint against appellees. Count I sought specific performance of a contract whereby appellees agreed to sell to appellant all of the stock of a closely held corporation known as Gay Ranch, Inc. Appellant alleged that the main asset of said corporation is a mobile home park in Pinellas County, known as Gay Ranch. Count II sought recovery of monetary damages allegedly suffered by appellant as a result of appellees' breach of the aforesaid contract, i.e., appellees' refusal to close the transaction.
After obtaining leave to amend, appellant subsequently filed an amended complaint containing two counts, requesting the same relief as did the original complaint. Appellees moved to dismiss and, alternatively, to strike certain portions of the amended complaint, including all references to the purported contract between the parties (which was attached to the amended complaint) because Schedules A and B (the legal description of the real property upon which the Gay Ranch Mobile Home Park is situated) referred to in said contract were not attached thereto. By order dated January 22, 1976, Circuit Judge William Walker denied appellees' motion to dismiss, but granted their motion to strike.
Appellant then filed his second amended complaint requesting the same relief as his two prior complaints. Appellees again moved to dismiss and, alternatively, to strike certain paragraphs because, inter alia, appellant still had not attached Schedules A and B thereto.
By order dated April 5, 1976, Judge Walker found that Schedules A and B referred to in the contract sued upon "obviously contain the legal description of the property for which Plaintiff seeks the order of this Court for specific performance"; that said schedules are not included in the second amended complaint; that they are material; and that the legal description contained in Schedules A and B must be alleged or sufficient allegations otherwise made *384 "whereby the Court could identify the property for which the specific performance is sought." Thereupon, Judge Walker granted appellees' motion to dismiss Count I of the second amended complaint for specific performance, with leave to appellant to amend within ten days.
Appellant timely filed his third amended complaint, again consisting of two counts seeking specific performance of an agreement of sale of closely held stock and monetary damages. Appellees again moved to dismiss or strike on the grounds that appellant had not complied with the order of April 5, 1976, by neither attaching Schedules A and B, nor alleging the legal descriptions contained in said schedules, nor otherwise making sufficient allegations to identify the property.
This time appellees' motion came on to be heard before' Circuit Judge B.J. Driver, who entered the order appealed from, dated October 13, 1976, stating that, "the Court has limited itself to the issue of whether or not the requirements of Judge Walker's Order aforesaid [relating to the legal description] were complied with" and, finding that said requirements had not been fulfilled, dismissing Count I of the third amended complaint with prejudice.
The principal underlying issues in the case are, of course, whether a suit for specific performance will lie for enforcement of a contract for the sale and purchase of the stock (personalty) in a closely held corporation the main asset of which is realty and, if so, whether it is essential in such suit that the legal description of the corporate owned realty be pleaded and proved. We think each issue must be resolved in favor of appellant. In Carman v. Gunn[1] this court expressly held that such a contract was amenable to specific performance notwithstanding no attempt was made in the contract legally to describe the corporate owned realty. It necessarily follows, therefore, that the legal description of such realty is irrelevant; and it was error for Judge Walker to require appellant to plead it as a condition precedent to maintaining his specific performance count.
Appellees additionally argue, however, that appellant did not timely appeal from Judge Walker's prior order in the premises. Rather, they say, this appeal is taken from Judge Driver's order which doesn't rule on the issue previously resolved by Judge Walker but is simply limited to whether Judge Walker's requirement of the legal description had been met. There being no dispute but that Judge Walker's requirements were not met, appellees conclude that Judge Driver's order is not erroneous and must stand. The net result, they would argue, is that the merits of Judge Walker's order cannot be reached in this interlocutory appeal. We cannot agree.
Where appellees' argument falls is in the assumption that Judge Driver's order is unassailable. It is assailable. We think he should not have limited his consideration to whether the requirements of Judge Walker's prior order were met. Clearly, Judge Walker could himself have reversed his prior ruling before final judgment; but in any event, it is well settled that where one judge has made an interlocutory order in the case, and for some reason is properly removed from the case and another judge properly assigned (undisputedly the situation here), the successor judge can vacate that prior interlocutory order while the case is still pending and has not yet gone to final judgment.[2] While it is true that a judge should hesitate to undo his own work, and hesitate still more to undo the work of another judge because of the "code" of restraint based upon comity and courtesy,[3] nevertheless when presented with a prior interlocutory ruling that is based on a clearly mistaken interpretation of the law it is indeed appropriate for the succeeding judge to vacate or modify the prior order.
*385 Here, we think Judge Walker's order was predicated on a clearly mistaken interpretation of law, as a result of which the gravamen of appellant's cause of action was effectively undercut. Undisputedly he sought in good faith to amend his pleading in a way to satisfy Judge Walker rather than resorting to a delaying interlocutory appeal. But it is patent from the attempted amendment, which again omitted any legal description of the corporate owned realty, that appellant was in effect still insisting on the irrelevancy of such legal description. Parenthetically, we note, that while we assume good faith in every respect, we nonetheless wonder why exhibits A and B weren't attached to the complaint or legal descriptions of the realty otherwise pleaded. This entire interlocutory appeal could perhaps have been avoided. We persist in resolution of the matter, however, to avoid revisiting it on a full direct appeal following a final judgment.
Getting on, then, when appellee's motion attacking the last amendment came on to be heard before Judge Driver, appellant had no way of knowing that Judge Driver was going to limit his consideration of the matter to the extent mentioned above. The net result was that appellant was "sandbagged" in that he necessarily had lost his right to have the principal issues in the case resolved by an interlocutory appeal from Judge Walker's order and had no way (other than the course we pursue here  perilous to the plaintiff/appellant at best) to remedy the situation by an appeal from Judge Driver's order. Under such circumstances, Judge Driver's sua sponte limiting himself solely to the issue of whether Judge Walker's prior order was complied with constituted an abuse of discretion. Judge Driver had the full count before him and was asked to determine its sufficiency generally. The underlying principles of law should have been addressed; and if Judge Driver perceived Judge Walker's ruling as error, as we do, he would have been well within his prerogatives to disagree, in which case appellees' right to an interlocutory appeal would have been preserved. If he thought Judge Walker's order correct and the law of the case, he should have said so, in which event appellant's right of interlocutory appeal would clearly have been preserved. As it was, appellant's right in the premises was ostensibly denied him and appellees were armed with the technical "timeliness" argument advanced here. Neither equity nor orderly procedure can suffer such result.
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings consistent herewith.
HOBSON, Acting C.J., and McNULTY and OTT, JJ., concur.
NOTES
[1] 198 So.2d 76 (Fla. 2d DCA 1967).
[2] Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971); Deemer v. Hallett Pontiac, Inc., 288 So.2d 526 (Fla. 3d DCA 1974); American Fire and Casualty Company v. Tillberg, 199 So.2d 782 (Fla. 2d DCA 1967).
[3] See Tingle, supra, n. 2.