HAVERFIELD, Chief Judge.
Lawrence Gordon, defendant, appeals an adverse final money judgment in an action on a note and personal guaranty.
*604 In October 1976, 183 Street Development Corporation (183 Corp.), of which Gordon is president, agreed to purchase workmen’s compensation insurance through plaintiff-appellee, Corporate Insurance Services, Inc. (C.I.S.). A policy was issued by Maryland Casualty Company for a period of one year effective October 8, 1976 and in December 183 Corp. paid an estimated quarterly deposit premium of $7,757.[1] After the first quarterly audit for the period from October 8 to January 8, 1977 was conducted, Maryland Casualty estimated that 183 Corp. owed, in addition to the deposit, $9,344 for the above quarter. A premium invoice for the $9,344 balance was sent 183 Corp. which did not remit payment. By agreement, however, the balance due on the premium was paid by C.I.S. Consequently, on April 8, 183 Corp. executed the following promissory note which was personally guaranteed by Gordon to evidence its debt owed to C.I.S. for the unpaid balance:
“April 8, 1977
We the undersigned, hereby agree to pay to Corporate Insurance Services, Inc. the sum of $9,344.00 payable to Corporate Insurance Services, Inc. at 8100 S. W. 81 Drive, Miami, Florida in the following installments: 25% down ($2,333.60) on April 8, 1977, $3,505.20 on May 8, 1977, and $3,505.20 on June 8, 1977.
183 Street Development Corporation, ET AL
by President: /s/ Lawrence Gordon (Seal) /s/ Santiago L. Rodriguez
In consideration of the loan by Corporate Insurance Services, Inc. to 183 Street Development Corporation, ET AL, I, Larry Gordon, individually hereby guarantee and agree to pay the above sum on behalf of 183 Street Development Corporation, ET AL.
Signed by: /s/ Lawrence Gordon (Seal) /s/ Santiago L. Rodriguez.”
183 Corp. paid the first installment due ($2,333), but failed to pay the remaining two installments. The policy was cancelled and thereafter C.I.S. instituted the present action against 183 Corp.[2] on the above note and Gordon on his personal guaranty. Subsequently, a summary final judgment was entered against 183 Corp. and following a nonjury trial a final judgment for $7,010 plus interest and costs was entered against Gordon as guarantor. Gordon appeals. We affirm.
Gordon primarily argues that his individual guaranty on the promissory note is unenforceable for failure of consideration.
Where, as the record in the instant case conclusively indicates, the guaranty is entered into at the time of the creation of the principal obligation and becomes an essential ground of the credit given to the principal debtor, the same consideration for the principal debt suffices for the contract of guaranty. Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760 (1930); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174, 178 (Fla. 4th DCA 1970).
The payment of the balance due on the premium by C.I.S. was good consideration for the note executed by 183 Corp. and, therefore, good consideration for the obligation of Gordon as guarantor. See 30 Fla. Jur. Suretyship and Guaranty § 42 (1974) and cases cited therein.
We also considered Gordon’s additional point with regards to election of remedies and find no merit therein. See Quarngesser v. Appliance Buyers Credit Corp., 187 So.2d 662, 664 (Fla. 3d DCA 1966).
Affirmed.

. Because of the nature of workmen’s compensation insurance, the total annual premium is estimated, the insured is required to place a deposit with the insurer for a portion thereof and at the end of each quarter, the amount of the quarterly premium due is adjusted by the insurer.

. Not a party to this appeal.