453 So.2d 179 (1984)
Rose CANNEY, Appellant,
v.
Vincent CANNEY, Appellee.
No. 83-2483.
District Court of Appeal of Florida, Second District.
July 20, 1984.
*180 Geneva Forrester, St. Petersburg, for appellant.
Lawrence D. Black, Largo, for appellee.
SCHEB, Judge.
Rose Canney challenges the trial court's entry of a final and an amended final judgment of dissolution of her marriage to Vincent Canney. The trial court, she argues, erred in refusing to hear her motion to set aside a default entered against her prior to the final hearing.
In March 1982, the wife filed her petition for dissolution. Her husband answered and counterpetitioned. Several months later his attorney propounded some interrogatories and notified the wife's counsel that the wife's deposition would be taken on February 23, 1983. The wife failed to answer the interrogatories or to appear for her deposition.
On March 2, 1983, the wife's attorney filed a motion to withdraw from the case, alleging that the wife no longer wished him to represent her. The trial court granted the motion. Both the motion and the court order contained an incorrect mailing address for the wife.
The husband filed a motion for default or to impose sanctions against the wife for her failure to answer the interrogatories or attend the deposition. In response, the trial court ordered the wife to answer additional interrogatories and appear for another deposition. This motion and order also indicated they were mailed to an incorrect address for the wife. When she again failed to provide discovery, the trial court, upon the husband's renewed motion for sanctions, entered a default against the wife striking her pleadings on July 6, 1983. This order and subsequent notices were sent to the wife's correct address. A final hearing on the dissolution of marriage was scheduled for October 28, 1983.
Sometime prior to the final hearing, the wife retained another attorney after receiving a summons in a separate suit the husband filed against her. This attorney became aware of the default order when she contacted opposing counsel about the second suit. On October 28, 1983, the wife's attorney filed a motion to set aside the default, alleging that her client was unable to read and comprehend the English language, and had not received any of the documents concerning the requested discovery. The attorney also alleged that the wife was never aware that she needed to produce documents, answer interrogatories or appear at court hearings. Moreover, the wife had no objection to providing discovery.
On that same date, at the final hearing on the husband's counterpetition for dissolution *181 of marriage, the trial judge denied the wife's motion to set aside the default. The court cited two grounds. First, the judge said, as a successor judge, he had no jurisdiction to set aside a default entered by a previous judge in the case. Second, the wife's motion was untimely filed. The trial court then heard the dissolution proceedings, allowing the wife only a limited participation in view of the previously entered default. She was not allowed to offer any evidence concerning matters for which she previously failed to provide discovery. At the conclusion of the hearing, the trial court entered a written final judgment and, subsequently, an amended final judgment of dissolution of marriage.
The wife argues that the trial court erroneously denied her motion to set aside the default without holding a hearing on the merits. We agree.[1]
To set aside a default, a party must show excusable neglect and a meritorious defense. Fla.R.Civ.P. 1.500(d) and 1.540(b); Westinghouse Elevator Co. v. DFS Construction Co., 438 So.2d 125 (Fla. 2d DCA 1983); Abray Construction Co. v. Star Swimming Pools, Inc., 426 So.2d 1046 (Fla. 2d DCA 1983). Here, the wife's attorney alleged by motion that certain documents and notices in the proceedings were not received by the wife. This ground may be an adequate one on which to set aside a default and final judgment. See Okeechobee Insurance Agency, Inc. v. Barnett Bank, 434 So.2d 334 (Fla. 4th DCA 1983); Ellis v. Ellis, 404 So.2d 774 (Fla. 2d DCA 1981); Barry v. Barry, 324 So.2d 644 (Fla. 4th DCA 1976). While we express no opinion on the merits of the wife's motion, the trial judge foreclosed any consideration of the merits on this issue when he erroneously refused to hear it.
Where a prior judge has entered an interlocutory order but is no longer assigned to the case, a successor judge has jurisdiction to vacate that order while the case is still pending. Tingle v. Dade County Board of County Commissioners, 245 So.2d 76 (Fla. 1971); Keathley v. Larson, 348 So.2d 382 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 131 (Fla. 1978). An order entering a default is interlocutory in character. Therefore, the successor judge has jurisdiction to hear a motion to set it aside and should consider it on its merits.
Diligence of a party filing such a motion is a factor which must be considered in a hearing on the merits. Westinghouse Elevator Co.; Garcia Insurance Agency, Inc. v. Diaz, 351 So.2d 1137 (Fla. 2d DCA 1977). But where, as here, a party alleges excusable neglect, a motion to set aside a default must be made within a reasonable time not more than one year after the order is entered. Rule 1.540(b). Under this rule, the wife's motion was not untimely as a matter of law, since only approximately three and one-half months had elapsed between the default order and the motion to set aside the default.
Accordingly, we vacate the final and amended final judgments and remand to the trial court to hold a hearing on the wife's motion to set aside the default. If the court removes the default, it will proceed to rehear the dissolution case on the merits. If, on the other hand, the trial court determines that the default should stand, it can re-enter a final judgment. In any event, either party shall be entitled to appeal the trial court's new disposition of the case.
RYDER, C.J., and OTT, J., concur.
NOTES
[1] While the wife argues other issues on the merits of the default and the final judgment, in light of our holding, we do not reach those issues.