## SMATHERS d/b/a SNELLING AND SNELLING v CRANE
### Case No. 88-057-SP-12
County Court, Volusia County ·
March 6, 1989

### APPEARANCES OF COUNSEL

**Walter Butcka,** for plaintiff.

**Rose Levering,** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS MATTER came before the Court on February 15, 1989 for a hearing on Defendant's "Motion for Relief from Order, or in the Alternative, for Reduced Payments" and Plaintiff's "Motion to Enforce Order of Contempt." This Court upon consideration of said motions, arguments of counsel, and case authority, finds as follows:

Plaintiff sued defendant for $710.00 due and owing on a promissory note. The case was assigned to the Honorable Norton Josephson.

Defendant admitted liability; final judgment was entered on February 8, 1988. A second notice of Taking Deposition in Aid of Execution was filed on May 19, 1988. A second Subpoena Duces Tecum for deposition was served on May 24, 1988. A certificate of non-appearance was filed on July 18, 1988.

Plaintiff filed a Motion for Order of Contempt based on the non-appearance. Judge Josephson scheduled an Order to Show Cause hearing on July 27, 1988. An Order of Contempt was signed on August 17, 1988. Defendant was ordered incarcerated with a dual purge provision requiring payment to plaintiff of $126.00 in attorney's fees and costs incurred in the contempt proceeding along with payment of the final judgment at the rate of $100.00 per month until paid in full. Defendant, if unable to make said payments, was required to submit a financial affidavit prior to or before the payment due date. The affidavit was to be considered by the court in determining whether the purge amount should be adjusted.

Defendant failed to make the required timely payments and failed to submit a financial affidavit on or before the missed payment date. Judge Josephson retired on January 2, 1989; the undersigned judge took over a portion of Judge Josephson's case load including the instant case. Defendant filed, on February 9, 1989, a "Motion for Relief From Order, or in the Alternative, for Reduced Payments" alleging procedurally improper sanction implementation along with resultant unconstitutional imprisonment for debt. The plaintiff filed a Motion to Enforce Order of Contempt.

This Court finds that the contempt sanction was properly implemented. SCR 7.020 specifically provides that Fla.R.Civ.P. rules 1.410 (subpoena) and 1.560 (discovery in aid of execution) are applicable to small claims actions. Fla.R.Civ.P. 1.560 provides for discovery "in the manner provided in these rules." Fla.R.Civ.P. 1.410 provides for a subpoena duces tecum for deposition in aid of execution. Subparagraph (g) provides the contempt sanction.

Plaintiff, maintains, citing *Groover v Walker,* 88 So.2d 312 (Fla. 1956); *Boeing Co. v Merchant,* 397 So.2d 399 (Fla. 5th DCA 1981); *Davis v Fisher,* 391 So.2d 810 (Fla. 5th DCA 1980) and *Globe Aero Ltd, Inc. v Air & General Finance Ltd.,* Case No. 88-602 (Fla. 3d DCA December 27, 1988) [14 FLW 107] that this Court as a successor judge cannot revisit the contempt merits or sentence.

The general applicable rule is that a successor judge cannot review, modify, or reverse on the merits and on the same facts the final orders of a predecessor, unless there exists some special circumstances such as mistake or fraud upon the court. See the above cited cases.

136

The general rule only applies to final orders and not to interlocutory orders. See *Groover v Walker, supra.* Where a prior judge has entered an interlocutory order but is no longer assigned to the case, a successor judge has jurisdiction to vacate that order while the case is still pending. *Canney v Canney,* 453 So.2d 179 (Fla. 2d DCA 1984) and *American Fire and Casualty Company v Tillberg,* 199 So.2d 782 (Fla. 2d DCA 1967). When a prior interlocutory order is based on a clearly mistaken interpretation of the law a successor judge should vacate or modify the prior order. *Keathley v Larson,* 348 So.2d 382 (Fla. 2d DCA 1977).

Successor judges in the following cases have vacated or modified prior interlocutory orders: *Tingle v Dade County Board of County Com'rs,* 245 So.2d 76 (Fla. 1971) (Successor trial judge properly redetermined death benefits previously awarded after workmen's compensation award reversed); *Raymond, James & Associates v Zumstorchen,* 488 So.2d 843 (Fla. 2d DCA 1986) (Successor trial judge properly redetermined second amended complaint stated cause of action after two predecessor judges had dismissed two previous complaints); *Canney v Canney, supra* (Successor judge had jurisdiction to hear motion to set aside default and consider motion on its merits); *Keathley v Larson, supra* (Successor judge abused discretion in limiting himself to consideration of whether first judge's order was complied with where first judge on specific performance action erred in requiring plaintiff to attach description of realty to complaint; successor judge could have overturned previous dismissal with prejudice); and *American Fire and Casualty Company v Tillberg, supra.* (Successor judge could properly determine motion to compel arbitration despite prior judge's determination that arbitration provisions of insurance contract were waived by insurance company).

Courts have construed orders of civil contempt as non-final orders reviewable by interlocutory appeal. See *Langbert v Langbert,* 409 So.2d 1066 (Fla. 4th DCA 1981); *Estate of Rasmussen,* 335 So.2d 634 (Fla. 1st DCA 1975); and *Dykes v Dykes,* 104 So.2d 598 (Fla. 3d DCA 1958). The facts in *Petition of Campbell,* 72 So.2d 59 (Fla. 1954) are analogous to the facts in the instant case. Campbell applied to the circuit court of Dade County for and received an order requiring his guardian to make full settlement with him of his property. The guardian, upon entry of the order requiring settlement, made an accounting to the appointing county judge but did not turn over the ward's property. The circuit court entered a contempt order incarcerating the guardian until the previous order was obeyed. Another circuit judge, upon application, vacated the contempt order. The Florida

**137**

Supreme Court citing its decision *Brooks v Freeland,* 138 So. 27 (1931) held that it was not an abuse of discretion to vacate the order since there would have been no abuse of discretion in having initially refused to enter the order. The Court stated, "The fact that the order was vacated by a circuit judge other than the one who entered it is of no consequence." See also *Applestein v Simons,* 454 So.2d 33 (Fla. 3d DCA 1984).

The contempt order in the instant case is an interlocutory order attempting to deal with the defendant's failure to appear for deposition in aid of execution. Plaintiff's Motion to Enforce Order of Contempt shows that the issue is of an interlocutory nature. Irrespective of the above, this Court while lawfully entitled to review said order, is not modifying or reviewing the Order of Contempt on the merits.

The order, while containing dual purge provisions (principally paying the final judgment or filing a financial affidavit), places the defendant in a position, due to the fact that a financial affidavit was *not* filed of being in contempt and subject to incarceration for failing to pay a final judgment. Contempt is clearly not available as a means of enforcing money judgments. *Woodco Inc. v B & H Realty Corp.,* 501 So.2d 1330 (Fla. 3d DCA 1987); *Schwarz v Waddell,* 422 So.2d 61 (Fla. 4th DCA 1982); and *Wright v Wright,* 331 So.2d 395 (Fla. 4th DCA 1976). Cf. *City of Miami Beach v Chadderton,* 306 So.2d 558 (Fla. 3d DCA 1975) wherein the court held that a successor judge was without authority to set aside a dismissed case (a final order) since said dismissal was an appropriate, albeit discretionary sanction for failure to produce required information.

Based on the above and foregoing, it is hereby;

ORDERED and ADJUDGED that the Order of Contempt as to punishment is set aside. Defendant is hereby ordered to appear before this Court on *Thursday, March 23, 1989 at 2:45 p.m.* at the Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Florida in *Room 106* for sentencing on the civil contempt finding.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 6th day of March, 1989.

---

## ORDER OF SENTENCING FOR CIVIL CONTEMPT

THIS MATTER came on to be heard upon this Court's Order for Sentencing on the Civil Contempt finding dated March 6, 1989, and Plaintiff's Motion for Attorney's Fees and Costs contained in Motion to Enforce Order of Contempt, and the Court having heard argument

138

of counsel for the Plaintiff and Defendant, and of the Defendant, BRUCE CRANE, it is hereby

ORDERED AND ADJUDGED:

1. This Court does not modify or review on the merits the Order of Contempt dated August 18, 1988, entered by the Honorable Norton Josephson, County Court Judge. The finding contained therein that the Defendant, BRUCE CRANE, is found and adjudged to be in willful contempt of this Court is hereby ratified and confirmed.

2. As sentence for his willful contempt, the Defendant, BRUCE CRANE, shall be arrested and committed to the Volusia County Division of Corrections and there be confined for a period of fourteen (14) consecutive days.

However, the Defendant, BRUCE CRANE, may purge himself of the willful contempt and the aforesaid sentencing by appearing with his books and records enumerated in the attached Subpoena, Exhibit "A," at the offices of Walter Butcka, Esquire, 780 West Granada Boulevard, Suite 102, Ormond Beach, Florida on Thursday, April 27, 1989 at 11:45 a.m. Walter Butcka, Esquire and the Defendant, BRUCE CRANE, may agree and stipulate to another day and/or time for the purge deposition, as mutually agreeable, but under no circumstances shall the purge deposition be taken later than May 1, 1989.

3. Plaintiff, as the prevailing party herein, is entitled to have and recover from the Defendant its taxable costs and a reasonable attorney's fees.

The sworn statement of Walter Butcka, Esquire, Attorney for Plaintiff, is that he has expended in excess of 6 hours herein attendant to this matter; that approximately one-half ($\frac{1}{2}$) of that time would be waived; that his customary rate of billing is $100.00 per hour in matters such as this; and that a reasonable attorney's fee would be $300.00.

The Plaintiff shall have and recover from Defendant a reasonable attorney's fee as determined by this Court in the amount of $300.00, and taxable court costs of $25.00, for which sums let execution issue.

4. This Court shall take under advisement and consideration the taxation of a fine to be taxed against the Defendant, BRUCE CRANE, either monetary, community service, or other, pending the Defendant, BRUCE CRANE'S, compliance with the foregoing provisions.

DONE AND ORDERED in Chambers in Daytona Beach, Volusia County, Florida, this 13th day of April, 1989.

SUBPOENA DUCES TECUM FOR DEPOSITION CASE NO: 88-057-SP-12
IN AID OF EXECUTION

THE STATE OF FLORIDA CIVIL ACTION

IN THE COUNTY COURT, SEVENTH JUDICIAL CIRCUIT, COUNTY OF VOLUSIA

TO: Bruce Crane, 1750 Almond Street, Orange City, FL

YOU ARE HEREBY COMMANDED to appear before a person authorized by law to take depositions at Reflections Executive Center, 780 W. Granada Boulevard, Suite 102, Ormond Beach, FL on June 23, 1988 at 10:25 a.m., for the taking of your deposition in the above styled cause wherein JOHN M. SMATHERS d/b/a SNELLING AND SNELLING is Plaintiff and BRUCE CRANE is Defendant and have with you at said time and place the following:

Any and all books, records, and memoranda regarding your ownership or any interest of yours whatsoever in the following enumerated items between January 1, 1987 and the date of service of this notice: Cash in banks, stocks, bonds, account receivables, automobiles, furniture, jewelry, mortgages, estates, notes receivable, income tax returns for 1982 and subsequent years, and any other items of both personal and real property exceeding $100.00 in market value and a copy of any and all trust instruments which you have created or caused to be created or in which you have or have had a beneficial interest. Also, any and all books, records and memoranda related to any and all purchases, loans, gifts and/or assignments made during the above stated time period as well as any and all evidence of income during said period of time. Any and all books, records and memoranda reflecting any and all assets and liabilities which you have had or have an interest in during the above stated time period.

If you fail to appear, you may be in contempt of court. You are subpoenaed to appear by the following attorneys and unless otherwise excused from this Subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.

WITNESS my hand and seal of said
Court on _____, 1988.

(COURT SEAL)

WALTER BUTCKA, P.A. V. Y. SMITH
Attorney for Plaintiff Clerk, County Court
780 W. Granada Boulevard.
Suite 102
Ormond Beach, FL 32074 BY:_____
(904) 673-2743 As Deputy Clerk

(See attached or use reverse side for return information)