GLICKSTEIN, Judge,
concurring specially.
I agree with all of the majority opinion, but write because the trial court will still have the opportunity, prior to final judgment, to consider what may be appropriately called to its attention so that the final judgment is a fully informed one. See Motorola Communications & Elecs., Inc. v. Nat’l Patient Aids, Inc., 427 So.2d 1042 (Fla. 4th DCA 1983); Keathley v. Larson, 348 So.2d 382 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 131 (Fla.1978); Tingle v. Dade County Bd. of County Comm’rs, 245 So.2d 76 (Fla.1971).
Appellants’ counsel, in my view, had an obligation to the trial court to call the following authorities to its attention: Kwatcher v. Massachusetts Serv. Emp. Pension Fund, 879 F.2d 957 (1st Cir.1989); Giardono v. Jones, 867 F.2d 409 (7th Cir.1989); Dodd v. John Hancock Mut. Life Ins. Co., 688 F.Supp. 564 (E.D.Cal.1988); McHugh v. Teamsters Pension Trust Fund, 638 F.Supp. 1036 (E.D.Pa.1986); and Peckham v. Board of Trustees of Int’l Bhd. of Painters & Allied Trades Union, 653 F.2d 424 (10th Cir.1981).
Justice may be blind, but it need not be ignorant. Had appellants’ counsel done their job, the trial court could have entered a fully informed, non-final order. It still has the opportunity to do so.